**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4958**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LANDO ADKINS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Charles H. Haden II, District Judge.  (CR-03-135)

———————————

Submitted:  April 30, 2004                Decided:  June 7, 2004

———————————

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary Lou Newberger, Federal Public Defender, Megan J. Schueler, Assistant Federal Public Defender, Jonathan D. Byrne, Legal Research and Writing Specialist, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lando Adkins was convicted of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2000). He appeals the district court's denial of his motion to suppress evidence acquired in a warrantless search of the vehicle in which he was a passenger. Finding no error, we affirm.

Adkins filed a motion to suppress the evidence discovered in the vehicle in which he was passenger as illegally seized. He asserted that the officer who stopped the car, West Virginia State Police Senior Trooper Sean Eric Wolfe, lacked reasonable suspicion of criminal activity to effectuate a stop. Adkins asserted information Wolfe received from Chief Logan State Park Assistant Superintendent David Darnell that someone in a blue or gray van bearing license plate number 4EG634 was shooting at deer in the park, in violation of state law, was based on anonymous tips and did not bear sufficient indicia of reliability. The district court held an evidentiary hearing at which Wolfe testified that, upon responding to the call for emergency assistance, Darnell met Trooper Wolfe at the entrance to the park and informed Wolfe that Darnell had located deer carcasses. Darnell gave Wolfe a paper on which Sheila Adkins, a campground assistant, had written the license plate number of the vehicle. Trooper Wolfe then testified that he entered the park and immediately spotted a van matching the description given by Darnell and bearing the reported license

- 2 -

plate.  Trooper Wolfe initiated his lights and stopped the vehicle. Adkins was in the front passenger seat and a twenty-two caliber rifle was on the floorboards between the front seats.  The district court denied the motion to suppress, finding that Trooper Wolfe had reasonable suspicion to stop the van.

Adkins asserts on appeal that the suppression motion was improperly denied because the trooper lacked reasonable suspicion to stop the van because the tips were anonymous, did not contain predictive information, and indicated no threat of imminent mass destruction justifying the search without additional investigation by the trooper.  This court reviews the factual findings underlying the denial of a motion to suppress for clear error, while reviewing the legal determinations de novo.  United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992).  When a suppression motion has been denied, the evidence is reviewed in the light most favorable to the government.  United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).  Given the facts known to Trooper Wolfe at the time of the stop, we find that reasonable suspicion existed that a crime was committed, thus permitting the officer to properly stop the implicated vehicle to investigate.  See United States v. Hensley, 469 U.S. 221, 226 (1985).

Accordingly, the district court properly denied the motion to suppress.  We therefore affirm Adkins' conviction and sentence.  We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>